# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD G. YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-1273 RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the United States of America's Motion to Dismiss. (ECF No. 8). Plaintiff opposes the motion and it is ready for disposition. For the reasons below, the Court will grant the motion.

## **Background**

On January 7, 2003, Young pleaded guilty to one count of continuing criminal enterprise and one count of tampering with a witness. *USA v. Young*, No. 4:01-CR-00326-CAS-9, ECF No. 501 (E.D. Mo. 2001). As part of his plea, Young agreed to forfeit his real property at 6761 SW 9th Place, North Lauderdale, Florida. *Id.* The Court issued its judgment and final order of forfeiture on March 27, 2003. *Id.* at ECF Nos. 427, 430.

On October 23, 2007, Young filed a "Motion for Relief from Void Judgment," which the Court denied seven days later. *Id.* at ECF Nos. 496, 499. On October 25, 2007, Young filed a "Notice and Demand" in which he requested the return of approximately $4 million, the North Lauderdale property, and several vehicles. *Id.* at ECF No. 500. The Court interpreted the document as a motion for return of property under Rule 41(g) of the Federal Rules of Criminal Procedure. *Id.* at ECF No. 501. The Court denied the motion with prejudice as to the real property and without

prejudice as to the other property. *Id*. The Court explained that Young would need to file a separate civil action if he wished to pursue the return of the other property. *Id*.

On January 26, 2015, Young filed a "Motion for Retroactive Application of Amendment 782 United States Sentencing Guidelines." *Id.* at ECF No. 521. The Court denied that motion on February 23, 2015. *Id.* at ECF No. 523. Young appealed. *Id.* at ECF No. 527. The Eighth Circuit affirmed the Court's denial on April 30, 2015. *Id.* at ECF No. 530.

Young filed the instant action on November 28, 2022. (ECF No. 1). He seeks the return of the same non-real property at issue in his 2007 "Notice and Demand." *Id.* The Government moves to dismiss on the basis that Young's claim is time-barred. (ECF No. 8).

## **Legal Standard**

The Court must dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level[.]" *Id*. at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

"Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id*.

## Discussion

Plaintiff brings this action under Rule 41(g) of the Federal Rules of Criminal Procedure, which states: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g). When such a filing comes after the termination of criminal proceedings, it is treated as a civil action for equitable relief. *United States v. Mendez*, 860 F.3d 1147, 1149-1150 (8th Cir. 2017) (citing *Bertin v. United States*, 478 F.3d 489, 493 (2d Cir. 2007)).

Although Rule 41(g) does not contain its own statute of limitations, courts in the Eighth Circuit apply the six-year statute of limitations set forth in 28 U.S.C. § 2401(a), which provides that every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. *See Mendez*, 860 F.3d at 1150; *see also Santiago-Lugo v. United States*, 538 F.3d 23, 24 (1st Cir. 2008) ("We join [the other] circuits in holding that the six-year limitations period under § 2401(a) applies to Rule 41(g) claims."). "The statute starts to run when the movant knew, or in the exercise of reasonable diligence should have known, that he had a claim." *Mendez*, 860 F.3d at 1150 (citing *Loudner v. United States*, 108 F.3d 896, 900 (8th Cir. 1997)). In the context of Rule 41(g), a movant's right of action accrues when he enjoys a present right to the return of non-forfeited seized property. *Id*. A claimant has a

present right to such property once the district court enters judgment in the criminal matter. *Id.* (citing *Santiago–Lugo*, 538 F.3d at 25).

The Court entered judgment in Young's underlying criminal matter on March 27, 2003. *Young* at ECF Nos. 427, 430. On the same day, the Court ordered the final forfeiture of "a parcel of real estate and building known and numbered as 6761 SW 9th Place, North Lauderdale, Florida[.]" *Id.* at ECF No. 427. At that point—over 20 years ago—Young knew or should have known that he had a potential claim relating to the other property. *See Santiago-Lugo,* 538 F.3d at 25 (finding that the movant had knowledge of his claim at the time of judgment, or, at the very least, when the court issued the preliminary and final orders of forfeiture). The fact that Young filed a Rule 41(g) motion in the criminal proceeding does not change the Court's analysis. The Court denied that motion over 15 years ago. *Young* at ECF No. 501; *see Santiago-Lugo,* 538 F.3d at 25.

Young argues that his criminal proceeding was not final until the Court granted his motion for compassionate release. (ECF No. 9 at 4). Young cites no authority to support his contention. Contrary to Young's argument, the Eighth Circuit has held that "[t]he potential for delay based on the claimant's litigating decisions does not change the fact that a claim for return of property was available—and thus accrued—at the time of judgment." *Mendez*, 860 F.3d at 1150.

Young also argues that the six-year statute of limitations in 28 U.S.C. § 2401(a) does not apply to motions under Rule 41(g). (ECF No. 9 at 4). In support of this contention, Young cites caselaw relating to the four-year statute of limitations found in 28 U.S.C. § 1658(a). *Id.* Section 1658(a) is inapposite to the application of § 2401(a) in this case.

Young did not file his Rule 41(g) within six years after his right of action first accrued. Thus, the Court finds that Young's Complaint is time-barred by § 2401(a). Because there is an

4

insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate. *See Benton*, 524 F.3d at 870.

## Conclusion

For the foregoing reasons, the Court will grant the Government's Motion to Dismiss. (ECF No. 8).

Accordingly,

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss is **GRANTED**. (ECF No. 8).

An appropriate Order or Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of September, 2023.